**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 28 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LINDSEY K. SPRINGER,

      Plaintiff - Appellant,

v.

HUSTLER MAGAZINE, a foreign
corporation; LFP INC., a foreign
corporation,

      Defendants - Appellees.

No. 99-5117
(D.C. No. 98-CV-740-K)
(Northern District of Oklahoma)

## ORDER AND JUDGMENT[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Plaintiff-appellant Lindsey K. Springer appeals the district court's order

and judgment denying his motion for remand and granting the appellees' motion

for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and

affirm.

---

[*]The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Plaintiff, a resident of Oklahoma, filed suit in Oklahoma District Court for Tulsa County against defendants-appellees Hustler Magazine, whose legal status is in dispute, and LFP Inc., a foreign corporation, on August 14, 1998, alleging breach of contract. Specifically, plaintiff alleges that defendants are obligated to pay him a reward of $1,000,000 made for "information leading to the arrest and conviction of anyone involved in the planning or execution of President Kennedy's murder, or information that allows the truth to come out." I R., Doc. 38, Exh. A. The L.A. Free Press published the reward, which was offered and "personally guarantee[d]" by Larry Flynt. Id. On September 28, 1998, defendants removed the case to the United States District Court for the Northern District of Oklahoma. Plaintiff then filed a motion seeking remand to state court on the grounds that the removal was untimely. Before the district court ruled on the remand motion, defendants filed a motion for summary judgment. The district court granted the motion for summary judgment and simultaneously denied all other motions as moot.

The sole issue Plaintiff raises in his opening brief on appeal is whether the District Court improperly denied appellant's motion for remand to state court. "Because removal is an issue of statutory construction, we review a district court's determination of the propriety of removal de novo." Huffman v. Saul Holdings Ltd. Partnership, No. 98-5053, 1999 WL 791587, at *3 (10th Cir. Oct. 5,

1999) (quotation omitted).  Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days after receipt by plaintiffs of the initial pleadings. Failure to comply with this express statutory requirement is a "defect" that can justify granting a motion for remand pursuant to 28 U.S.C. § 1447(c).  See Huffman, 1999 WL 791587 at *4.  In order to further the strong interest in "'finality, efficiency, and economy,'" id. at *6 (quoting Caterpillar Inc. v. Lewis, 519 U.S. 61, 75 (1996)), however, "a defect in removal procedure does not warrant a remand to state court if subject matter jurisdiction existed at the time the district court entered judgment."  Id. at *7.  In that situation, remand is justified only  "where the judgement reached by the trial court must be reversed on the merits and the case remanded to the trial court for further proceedings." Id. at *7 (quotation omitted).

It is undisputed that this suit is between parties with diversity of citizenship and the amount in controversy exceeds $75,000, and therefore the district court had subject matter jurisdiction under 28 U.S.C. § 1332 at the time judgment was entered.  Accordingly, even though defendants concede that the notice of removal was untimely, the district court's failure to remand to state court is not reversible

error unless the district court improperly granted summary judgment for the defendants.[1]

Plaintiff challenges the merits of the order granting summary judgment for the first time in his reply brief. As a general rule, appellate courts will not address issues raised for the first time in a reply brief. See Headrick v. Rockwell Int'l Corp., 24 F.3d 1272, 1277-78 (10th Cir. 1994). We will make an exception to this general rule in the present case for two reasons: defendants thoroughly briefed the issue, thereby eliminating concerns that our review of the issue will be unfair to them or insufficiently informed, see id. at 1278 (citing these two factors as being the primary justification for the general rule); and we are required to construe liberally the brief of a pro se appellant. See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972). We review de novo a grant of summary judgment,

> applying the same legal standard as the district court. We examine the record to determine if any genuine issue of material fact was in dispute; if not, we determine if the substantive law was correctly applied. In applying this standard, we view the factual record and inferences therefrom in the light most favorable to the nonmoving party. However, to survive summary judgment, the nonmoving party may not rest upon the allegations or denials of his or her pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Summary judgment is appropriate if the evidence is such that no reasonable jury could return a verdict for the nonmoving party.

---

[1] Appellant's argument that 28 U.S.C. §§ 1441 and 1446 are unconstitutional is utterly without merit.

Bullington v. United Air Lines, Inc., 186 F.3d 1301, 1313 (10th Cir. 1999) (quotation and citations omitted).

In Oklahoma, formation of an enforceable contract requires offer, acceptance, and consideration. See National Outdoor Adver. Co. v. Kalkhurst, 418 P.2d 661, 664 (Okla. 1966). The undisputed evidence, taken in the light most favorable to plaintiff, fails to establish a genuine issue as to whether defendants made plaintiff an offer. Plaintiff bases his suit on an alleged offer made and personally guaranteed by Larry Flynt and published in the L.A. Free Press. Neither Flynt nor the L.A. Free Press is a named defendant in this case. Plaintiff seeks to overcome this obstacle by pointing to evidence that Larry Flynt is or was the editor and publisher of the L.A Free Press, owner of LFP, Inc. (which publishes Hustler Magazine), and the editor and publisher of Hustler Magazine. Taken as true, this evidence fails to establish that either of the latter two entities can be held liable for breach of a contract purportedly entered into by either of the former two entities. Nor does the republication in Hustler Magazine of the cover of the L.A. Free Press edition containing the alleged offer suggest such liability, since Hustler Magazine did not publish the alleged offer itself. Because we find that the undisputed facts taken in the light most favorable to the plaintiff fail to establish a genuine issue as to whether defendants made him an offer, we

do not address whether there is a genuine issue as to Hustler Magazine's capacity to be sued.

The judgment of the district court is AFFIRMED.  This matter is dismissed. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge